United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Maira Martinez, Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 20-cv-22812-RNS |
| ) | |
| Commissioner of the Social Security ) | |
| Administration, Respondent. ) | |

<u>**Order Adopting in Part**</u>
<u>**Magistrate Judge's Report And Recommendation**</u>

This matter was referred to United States Magistrate Judge John J. O'Sullivan for a report and recommendation on the parties' cross-motions for summary judgment (ECF Nos. 27, 28). On December 13, 2021, Judge O'Sullivan issued a report (R. & R., ECF No. 35), recommending that the Court grant the Plaintiff's amended motion (ECF No. 27) and deny the Defendant's motion (ECF No. 28).

Plaintiff Maira Martinez filed objections to the report (Pl. Obj., ECF No. 36), which have been fully briefed (Def. Resp., ECF No. 37; Pl. Reply, ECF No. 39). The Court has reviewed de novo the portions of Judge O'Sullivan's report to which the Plaintiff has objected, *see* 28 U.S.C. § 636(b), and has reviewed the remaining portions of the report for clear error. *See Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).

Having considered Judge O'Sullivan's report, the record, and the relevant legal authorities, the Court **adopts in part** Judge O'Sullivan's report **(ECF No. 35)** as set forth below. Accordingly, the Court **grants** the Plaintiff's amended motion for summary judgment **(ECF No. 27)** and **denies** the Defendant's motion for summary judgment **(ECF No. 28)**.

## 1. Background

In her amended motion for summary judgment Plaintiff Maira Martinez seeks reversal and remand of the Commissioner of Social Security's decision that she is not disabled. Judge O'Sullivan's report recommends granting the Plaintiff's motion and remanding the matter on the basis of three findings. Those are:

    I.    The ALJ did not properly evaluate the medical source opinions;
    II.   The ALJ properly evaluated the Plaintiff's subjective symptoms of her right upper extremity and spinal impairments; and

> III. The ALJ properly considered the Plaintiff's mild mental impairments in determining the Plaintiff's capability of performing skilled and semi-skilled work in finance.

(R. & R.) The Plaintiff only objected to the second and third findings. The Commissioner, in turn, filed no objections to the report and "offere[d] no response" to the Plaintiff's objection concerning Judge O'Sullivan's second finding. (Def. Resp. 1.)

### 2. Analysis

Concerning the second finding, the Plaintiff argues that the ALJ's evaluation of the Plaintiff's subjective symptoms "was not based on a proper foundation" given that the ALJ did not properly evaluate the medical source opinions. (Pl. Obj. 2.) The Plaintiff also says that "finding II is not necessary and potentially in conflict with the instructions in finding I." (*Id.*) The Court agrees and declines to adopt finding II.

Concerning the third finding, the parties disagree on whether the ALJ properly accounted for the Plaintiff's mental impairments in her residual functional capacity ("RFC") determination at step four of the five-step analysis used to evaluate a denial of disability benefits. The Commissioner admits that the ALJ failed to discuss the "Plaintiff's mental impairments in the section of the decision explaining the RFC finding[.]" (Def. Resp. 2.) Nevertheless, the Commissioner argues the omission was not harmful error because the ALJ discussed the same at step two and thus "there was nothing more to explain in the [RFC] part of the decision." (*Id.* at 3.)

Yet even when mental impairments are non-severe, the ALJ is "required to consider them when assessing the claimant's RFC." *Pupo v. Comm'r, Soc. Sec. Admin.*, 17 F.4th 1054, 1064 (11th Cir. 2021). And importantly, an ALJ's statement that she has "considered all symptoms" does not suffice alone. *Id.* Thus, a decision that "contains no real discussion of how the mental condition affected [the claimant's] RFC" beyond references that are "purely biographical or occur within summaries of medical examinations relating to [the claimant's] physical conditions" is insufficient. *See Schink v. Comm'r of Soc. Sec.,* 935 F.3d 1254, 1269 (11th Cir. 2019).

A review of the ALJ's decision shows that to be the case here. As noted above, the Commissioner even admits that "[t]he ALJ did not particularly discuss Plaintiff's mental impairments . . . aside from noting normal mental status examination findings that were documented during her treatment for physical impairments." (Def. Resp. 2.) Although the Commissioner argues that error was harmless, Eleventh Circuit precedent is clear: "[t]he ALJ must

consider all of the evidence in the record in determining the claimant's RFC." *E.g., Owens v. Comm'r of Soc. Sec.*, 508 F. App'x 881, 883 (11th Cir. 2013) (citing *Phillips v. Barnhart,* 357 F.3d 1232, 1238 (11th Cir. 2004)); *see also Pupo*, 17 F.4th at 1065 (discussing an ALJ's failure "to mention any impact [the claimant's] incontinence might have had on her RFC."). As such, the Court cannot adopt finding III. *See Schink*, 935 F. 3d at 1269 ("[T]he ALJ's failure 'to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal' in its own right.") (quoting *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994)).

### 3. Conclusion

The Court **adopts in part** Judge O'Sullivan's report **(ECF No. 35)**. Specifically, the Court adopts the totality of Judge O'Sullivan's report except for its findings at parts II and III of its Analysis. (*Id.* at 27-34.) The Court **grants** the Plaintiff's amended motion for summary judgment **(ECF No. 27)** and **denies** the Defendant's motion for summary judgment **(ECF No. 28)**. Accordingly, the Court remands this matter for further proceedings consistent with Judge O'Sullivan's report as adopted herein.

**Done and ordered** in chambers at Miami, Florida on February 23, 2022.

_____
Robert N. Scola, Jr.
United States District Judge