**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 20-cv-22812-SCOLA/DAMIAN

MAIRA MARTINEZ,

     Plaintiff,

vs.

COMMISSIONER OF SOCIAL SECURITY,

     Defendant.

_____/

## REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION FOR ATTORNEY FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT [ECF NO. 41]

THIS CAUSE is before the undersigned on Plaintiff, Maira Martinez's ("Plaintiff" or "Ms. Martinez"), Motion for Attorney Fees Pursuant to the Equal Access to Justice Act, filed on October 18, 2022. [ECF No. 41 (the "Motion")]. This matter was referred to the undersigned by the Honorable Robert N. Scola, United States District Judge. [ECF No. 42].

The undersigned has considered the Motion, the Response and Reply thereto [ECF Nos. 43-44], and the pertinent portions of the record and is otherwise fully advised in the premises. For the reasons discussed below, the undersigned respectfully recommends that Plaintiff's Motion be granted and that the Court award counsel for Plaintiff attorney's fees in the amount of $11,222.32, after the Government determines whether Plaintiff owes a federal debt.

## I.   BACKGROUND

On July 8, 2020, Plaintiff initiated this case by filing a Complaint under the Social Security Act seeking judicial review of the Commissioner's final decision denying Plaintiff's claim for disability benefits. [ECF No. 1]. On March 2, 2021, Plaintiff filed an Amended Motion for Summary Judgment [ECF No. 27], and on March 31, 2021, Defendant, the Commissioner of the Social Security Administration ("Commissioner"), filed a Motion for Summary Judgment and Response to Plaintiff's Motion for Summary Judgment. [ECF No. 28]. Plaintiff filed a Reply on May 7, 2021. [ECF No. 32].

On December 13, 2021, Magistrate Judge O'Sullivan issued a Report and Recommendation on the parties' Motions for Summary Judgment and recommended granting in part Plaintiff's Motion for Summary Judgment. [ECF No. 35]. On February 23, 2022, after Plaintiff's objections to the Report and Recommendation [ECF No.36]  were fully briefed, Judge Scola issued an Order adopting in part the Report and Recommendation, granting Plaintiff's Motion for Summary Judgment, and remanding the case to the Commissioner for further proceedings. [ECF No. 40].

On October 12, 2022, Plaintiff filed the Motion now before the Court, initially requesting an award of $10,388.96 in attorney's fees as the prevailing party pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). [ECF No. 41]. Plaintiff later amended the requested award to $11,222.32 to account for fees incurred in litigating the Motion. [ECF No. 44]. Plaintiff's attorney, Heather Freeman, requests compensation for a total of 5.6 hours of work performed in 2020 at an hourly rate of $207.78; 37.3 hours of work performed in 2021 at an hourly rate of $217.54; and 4.8 hours of work performed in 2022 at

an hourly rate of $231.49. *See* ECF No. 44-2 (Counsel's Amended Time Log and Calculations). In addition, Plaintiff's counsel seeks compensation for 3.6 hours of work litigating the Motion at issue. *Id*.

The Commissioner opposes the fee request on grounds the number of hours claimed is excessive for what the Commissioner argues was a "routine Social Security case." Resp. at 3. The Commissioner therefore requests the Court reduce the number of compensable hours by 10.7 hours to adjust for what the Commissioner claims was excessive time spent reviewing the administrative record and drafting the facts. *Id*. at 4. The Commissioner also argues that Plaintiff's counsel should not receive compensation for additional time spent litigating fees. *Id*.

In reply, Plaintiff asserts that the time expended was reasonable given the fact that she filed objections to the Report and Recommendation on the Motions for Summary Judgment, which ultimately led to the Court finding in Plaintiff's favor on all issues. Reply at 4. Counsel for Plaintiff also argues that she had to review the administrative record in this case particularly carefully because of multiple records referenced in the summaries of providers and because she did not represent Plaintiff in the administrative proceedings below. *Id*. Plaintiff's counsel avers that the arguments she made in the Motion for Summary Judgment could not have been made without a careful review of the medical evidence. Reply at 5. Lastly, Plaintiff asserts that if the Court does not sustain the Commissioner's objections to fees in full, Plaintiff's counsel is due compensation for time spent defending the Motion. *Id*.

3

## II.     DISCUSSION

### A.  Plaintiff's Entitlement To EAJA Award

Pursuant to the EAJA, a party is entitled to an award of attorney's fees if: (1) the party prevailed in a non-tort suit involving the United States; (2) the Government's position was not substantially justified; (3) the party timely filed an application for attorney's fees; (4) the party had a net worth of less than $2 million when the complaint was filed; and (5) no special circumstances would make the award of fees unjust. 28 U.S.C. § 2412(d); *see also Delaney v. Berryhill*, No. 17-81332, 2018 WL 7820219, at *1 (S.D. Fla. Nov. 14, 2018) (Brannon, J.).

A plaintiff in a social security appeal prevails if the court orders a "sentence four remand." *See Shalala v. Schaefer*, 509 U.S. 292, 300–02 (1993). "An EAJA request is timely if made within 30 days of the final judgment, which, if no appeal is taken, is 90 days from the judgment's entry." *Delaney*, 2018 WL 7820219, at *1; *see also* 28 U.S.C. § 2412(d)(1)(B); *Melkonyan v. Sullivan*, 501 U.S. 89, 96 (1991) ("The 30-day EAJA clock begins to run after the time to appeal that 'final judgment' has expired."). Moreover, an EAJA request must allege that the Government's position was not substantially justified, which then shifts the burden to the Commissioner to show that it was. *See Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 160 (1990); *see also United States v. Jones*, 125 F.3d 1418, 1425 (11th Cir. 1997).

Here, Plaintiff is the prevailing party in this case because on February 23, 2022, the Court granted Plaintiff's Motion for Summary Judgment and remanded the case to the Commissioner for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). [ECF No. 40]. Plaintiff's Motion alleges that the Commissioner's position was not substantially justified, and the Commissioner does not argue otherwise. [ECF Nos. 41 at ¶ 11, 42 at 2]. The

record shows that Plaintiff's Motion was timely filed.[1] Additionally, Plaintiff's net worth was less than $2 million when she filed the case, as demonstrated by Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, filed June 24, 2020. [ECF Nos. 3, 5]. Further, this case does not appear to present any special circumstances that would make an award of fees unjust.

Thus, the undersigned finds Plaintiff is entitled to an EAJA award. The undersigned next considers whether the amount of fees requested is reasonable.

### B. *Reasonableness of Requested Fees*

#### 1. **Reasonable Hourly Rate And Cost-Of-Living Adjustment**

The EAJA provides that attorney's fees "shall be based upon prevailing market rates for the kind and quality of the services furnished" but "shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). The EAJA, therefore, expressly provides for a cost-of-living adjustment. *Sensat v. Berryhill*, No. 15-24727-CIV, 2018 WL 5257143, at *6 (S.D. Fla. Oct. 22, 2018) (Simonton, J.). The Eleventh Circuit has made clear that the application of the cost-of-living adjustment is considered "next to automatic." *Meyer v. Sullivan*, 958 F.2d 1029, 1035 n.9 (11th Cir. 1992). The fee award is adjusted for cost of living based on the time when

---

[1] No entry of judgment was made; therefore, judgment was entered on July 23, 2022, 150 days after the February 23, 2022 Order. Fed. R. Civ. P. 58(c)(2)(B). Thus, Plaintiff's EAJA request was due on October 21, 2022—ninety days from the entry of judgment. *See Baez v. Comm'r of Soc. Sec.*, No. 18-11952, 2019 WL 285195, at *2 (11th Cir. Jan. 22, 2019) (citing Fed. R. App. P. 4(a)(1)(B)) ("Because a United States officer is a party to this action, the government had 60 days to appeal after entry of judgment."); *see also Shalala*, 509 U.S. at 303 ("EAJA's 30-day time limit runs from the end of the period for appeal, not the beginning.").

the services were performed, not the time when the award is made. *Sensat*, 2018 WL 5257143, at *6 (collecting cases).

In support of Plaintiff's EAJA Application, Plaintiff's counsel, Heather Freeman, submitted her qualifications which reflect that Ms. Freeman has been a licensed attorney since 2004 and primarily represents Social Security disability plaintiffs. [ECF No. 41-3]. Plaintiff's counsel avers that the requested hourly rates—$207.78 for 2020, $217.54 for 2021, and $231.49 for 2022—reflect the cost-of-living adjustment for each of the years spent working on this matter. Mot. at 3. The Commissioner does not oppose the proposed hourly rates.

The undersigned accepts the proposed calculation of the hourly rate for each year and finds the hourly rates are reasonable.[2]

## 2. Hours Reasonably Expended

The fee applicant bears the burden of establishing that the hours for which fees are sought were "reasonably expended *on the litigation*." *ACLU of Ga. v. Barnes*, 168 F.3d 423, 435 (11th Cir. 1999) (citing *Loranger v. Stierheim*, 10 F.3d 776, 782 (11th Cir.1994) (quoting *Webb v. Board of Educ. of Dyer Cty.*, 471 U.S. 234, 242, (1985))) (emphasis in original). Reasonable hours are "billable hours—that is, work that would be paid for by a reasonable client of means seriously intent on vindicating the rights in issue." *Perkins v. Mobile Hous. Bd.*, 847 F.2d 735,

---

[2] Specifically, the figure for 2021 is calculated by taking the annual CPI rate for 2021 and subtracting from it the March 1996 rate (270.970 minus 155.7 equals 115.27) and then dividing that number by the March 1996 rate (115.27 divided by 155.7 equals 0.740). This cost-of-living percentage increase is then applied to the statutory rate of $125.00 to derive the adjusted hourly rate permitted by the EAJA ((0.740 multiplied by $125) plus $125 equals $217.54). *See* Department of Labor, Bureau of Labor Statistics, available at http://data.bls.gov/cgi-bin/surveymost?cu (last visited Dec. 16, 2022). The same methodology is employed to calculate the figure for 2020 and 2022.

738 (11th Cir. 1988) (citing *Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1301 (11th Cir. 1988)). In the Eleventh Circuit, "the measure of reasonable hours is determined by the profession's judgment of the time that may be conscionably billed and not the least time in which it might theoretically have been done." *Norman,* 836 F.2d at 1306. "[A] court may reduce excessive, redundant or otherwise unnecessary hours in the exercise of billing judgment." *Perkins*, 847 F.2d at 738 (citing *Norman*, 836 F.2d at 1301). "Courts are not authorized to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded." *Barnes*, 168 F.3d at 428. A trial court is "itself an expert" on hours reasonably expended, and, therefore, may consider its own "knowledge and experience" concerning hours reasonably expended, and may "form an independent judgment either with or without the aid of witnesses as to value." *Norman*, 836 F.2d at 1303 (quoting *Campbell v. Green*, 112 F.2d 143, 144 (5th Cir. 1940)).

The Motion indicates that Plaintiff's counsel expended 51.3 hours litigating this action. [ECF No. 41 at ¶ 14]. Plaintiff has provided her attorney's time records, which contain a detailed breakdown of the tasks she performed, when she performed them, and how long it took to complete them. [ECF Nos. 41-3, 42-2]. Plaintiff's counsel requests compensation for a total of 47.7 hours for work performed litigating the underlying action and preparing the fee application and 3.6 hours for work performed litigating fees. [ECF No. 44-2].

Drawing upon its own knowledge and expertise, the undersigned finds that 51.3 hours, which consists of 47.7 hours expended in litigating this action and 3.6 hours expended litigating fees, is a reasonable amount of hours under the circumstances. The undersigned also

agrees with Plaintiff that the fees incurred in litigating this Motion are compensable. *Jean*, 496 U.S. at 162 (refusing to treat an award of fees for a party's preparation of a fee application and its ensuing efforts to support that application differently from an award of fees for the underlying litigation).

Accordingly, the undersigned finds the following fees reasonable: 5.6 hours for work performed in 2020 at an hourly rate of $207.78; 37.3 hours for work performed in 2021 at an hourly rate of $217.54; and 8.4 hours for work performed in 2022 at an hourly rate of $231.49. As such, Plaintiff is entitled to recover $1,163.57 for work performed in 2020; $8,114.24 for work performed in 2021; and $1,944.51 for work counsel performed in 2022, for a total attorney's fee award of $11,222.32.

### C. *Assignment of Fees to Plaintiff's Counsel*

The undersigned next evaluates whether the award of attorney's fees should be payable to Plaintiff or Plaintiff's attorney. In *Astrue v. Ratliff*, the Supreme Court held that EAJA fee awards are awarded to the litigant, rather than to the litigant's attorney, and, therefore, EAJA fee awards are subject to a Government offset to satisfy any pre-existing debt that the litigant owes to the United States. 560 U.S. 586, 589 (2010). In *Astrue*, the Supreme Court noted that nothing in the statute or its holding affects the prevailing party's contractual right to assign his or her right to receive the fee to an attorney. *Id.* at 596–98; *see also Romero v. Comm'r of Soc. Sec.*, No. 21-cv-22246, 2022 WL 2289222, at *4 (S.D. Fla. June 14, 2022) (Becerra, J.), *report and recommendation adopted*, 2022 WL 2290578 (S.D. Fla. June 24, 2022) (Martinez, J.).

For an assignment to be valid, it must comply with the Anti-Assignment Act, 31 U.S.C. § 3727(b).[3] *Milanes v. Berryhill*, No. 15-CV-23171, 2017 WL 3493145, at *2 (S.D. Fla. Aug. 14, 2017) (McAliley, J.). However, the Government may waive the requirements of the Anti-Assignment Act. *Sensat*, 2018 WL 5257143, at *7 n.14; *see Arthur Pew Const. Co. v. Lipscomb*, 965 F.2d 1559, 1576 (11th Cir. 1992) (holding that the government may recognize the assignment of its obligations to another and waive the protection of anti-assignment statutes if it chooses); *see also Delmarva Power & Light Co. v. United States*, 542 F.3d 889, 893 (Fed. Cir. 2008) (holding that the government may waive the Anti–Assignment Act's prohibition in section 3727(a) against the assignment of claims).

In the Motion, Plaintiff states that she assigned any fees awarded under the EAJA to her counsel and that the assignment has been provided to the Commissioner. Mot. at ¶ 18. However, Plaintiff's assignment does not comply with the Anti-Assignment Act because it was made before Plaintiff's claim for attorney's fees was allowed and the amount decided. Moreover, because the assignment was not submitted to the Court, it is unclear whether the assignment was attested to by two witnesses or certified by an official as required by the Act.

---

[3] The Anti-Assignment Act states in relevant part:

> [A] transfer or assignment of any part of a claim against the United States Government . . . or the authorization to receive payment for any part of the claim . . . may be made only after a claim is allowed, the amount of the claim is decided, and a warrant for payment of the claim has been issued. The assignment shall specify the warrant, must be made freely, and must be attested to by 2 witnesses. The person making the assignment shall acknowledge it before an official who may acknowledge a deed, and the official shall certify the assignment. The certificate shall state that the official completely explained the assignment when it was acknowledged. An assignment under this subsection is valid for any purpose.

31 U.S.C. §§ 3727(a)–(b).

Nevertheless, the Commissioner has not objected to the assignment or to Plaintiff's request that the fee award be paid directly to Plaintiff's counsel, and, consequently, the undersigned finds that the Commissioner has waived the requirements of the Anti-Assignment Act. *See Sensat*, 2018 WL 5257143, at *7 n.14 (finding that the Commissioner waived the requirements of the Anti-Assignment Act by not objecting to the plaintiff's request that the payment be made directly to counsel even though the assignment failed to satisfy the Act); *see also Milanes*, 2017 WL 3493145, at *2 (noting that the Commissioner had waived the requirements of the Anti-Assignment Act, subject to plaintiff owing a federal debt, even though the assignment did not satisfy the requirements of the Act); *Romero*, 2022 WL 2289222 at *4 (same).

Accordingly, the undersigned finds the attorney's fee award may be payable to Plaintiff's counsel subject to offset to satisfy any pre-existing debt Plaintiff may owe to the United States.

## IV.   RECOMMENDATION

For the reasons set forth above, the undersigned respectfully recommends that the Court **GRANT** Plaintiff's Motion for Attorney Fees Pursuant to the Equal Access to Justice Act [ECF No. 41] and award $11,222.32 in attorney's fees, payable to Plaintiff's counsel, Ms. Heather Freeman, after the Government determines whether Plaintiff owes a federal debt.

The parties will have **fourteen (14) days** from the date of receipt of this Report and Recommendation within which to serve and file written objections, if any, with the Honorable Robert N. Scola, United States District Judge. Failure to file objections timely shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions

contained in the Report except upon grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

  **RESPECTFULLY SUBMITTED** in Chambers at Miami, Florida this __11th__ day of January 2022.

                 _____

                 MELISSA DAMIAN
                 UNITED STATES MAGISTRATE JUDGE

Copies to:
Hon. Robert N. Scola, *U.S. District Judge*
Counsel of Record